Wilson, J.
This suit was to recover upon a time-check alleged to have *294 been issued by the defendant mining company. It was begun in a justice court, and hence there 'are no written pleadings. The time-check was in words and figures as follows :

“ Indorsed, Duncan McLean, G. P. Goodieb.”
The only question relied upon and discussed by counsel for appellant is that the court erred in admitting the time-check in evidence over the objection of defendant. It will be observed that the instrument does not show upon its face in what capacity the drawer claimed to act, if at all, for the defendant. It in any event devolved upon the plaintiff to show that Goodier was the agent of defendant authorized to execute such instruments. The only evidence as to the authority of Goodier to act for or bind the company in any manner was that of one witness, who testified substantially that he knew Goodier was connected with the defendant company in some capacity, that he had to the personal knowledge of the witness represented the company in various suits and in other matters, and that at various times during nearly two years previous he had stated to witness that he was its manager.
It is elementary that the authority of a supposed agent cannot be established by his own declarations or admissions. If the agency is shown by other proof, the declarations of the agent may then be admitted, but not otherwise. In this case it must be confessed that the proof of agency was not very strong nor conclusive, but applying the liberal rule laid down by our supreme court in similar cases, we think that it was *295 sufficient to make a prima facie case, and to render as competent evidence the declarations of Goodier. In Rio Grande Extension Co. v. Coby, 7 Colo. 800, which like this was a suit upon a laborer’s time-check, the court said, “As already intimated, very slight proof in cases like this would be sufficient to raise a presumption of agency, and cast upon defendant the burden of showing that no such relation existed between it and the party professing to act in its behalf. This rule is based upon the fact that knowledge on the subject is fully possessed by defendant, and perhaps difficult of attainment by plaintiff.”
Here it was shown positively that Goodier was connected with the company in some capacity, and that he had represented it in suits and other matters. This in connection with the declarations of Goodier that he was the manager of the company was we think sufficient to raise such a presumption of agency as under the rule announced by the supreme court would impose upon defendant the burden of disproving it. Whether or not the agency existed was peculiarly within the knowledge of the defendant. It could easily have shown it, if Goodier was not its agent, but it did not offer nor introduce any evidence.
This being the only question raised, the judgment will be affirmed.

Affirmed.